UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:21-cv-01817-SPG-SHK<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the records on file, the Report and Recommendation of the United States Magistrate Judge ("R. & R."), Plaintiff's objections to the R. & R., and Defendants' opposition to Plaintiff's objections.  Further, the Court has made a *de novo* determination of the portions of the R. & R. to which objections have been made.

　　　　The R. & R. recommends dismissal of this action without prejudice because Plaintiff, a state prisoner, failed to exhaust available administrative remedies before bringing this suit.  (ECF No. 57 ("R. & R.")).  For the following reasons, Plaintiff's

objections to the R. & R., (ECF No. 64), do not warrant a change to the R. & R.'s findings or recommendations.

The R. & R. found that Plaintiff did not carry his burden of showing that Plaintiff exhausted his administrative remedies due to untimeliness, as his March 1, 2021, grievance (the "March 1 Grievance") was filed more than thirty days after the discovery of the Defendant's alleged conduct. (R. & R. at 8, 24; (ECF No. 48-6 at 21). Under the applicable regulation, "[d]iscovery occurs when a claimant knew or should have reasonably known of the adverse policy, decision, action, condition, or omission." Cal. Code Regs., tit. 15, § 3482(b); *see also* (R. & R. at 22 n.7 (the regulations that apply are the ones in place during the relevant time period)).

Plaintiff objects that the March 1 Grievance was improperly rejected by prison officials as untimely because, according to Plaintiff, the date triggering the 30-day period was February 19, 2021, when he and other inmates were moved to a building that "housed 'only' COVID-19 cases" despite testing negative for COVID-19. (ECF No. 64 at 4 (emphasis in original); R. & R. at 13). However, the March 1 Grievance also alleged incidents on January 28, 2021, and February 12, 2021, in addition to the incident on February 19, 2021, (ECF No. 64 at 11–13), which indicated that Plaintiff knew of the adverse prison conditions on January 28, 2021, more than 30 days before he submitted the grievance on March 1, 2021. (ECF No. 64 at 11–13). Therefore, Plaintiff's objection that the 30-day period was triggered by the final incident on February 19, 2021—an argument Plaintiff also raised in his opposition to Defendant's motion and which the R. & R. rejected—was properly rejected by the R. & R..

Plaintiff also objects to the R. & R.'s finding of failure to exhaust on the basis that he exhausted the administrative remedies that were "effectively available to him" because he was directed by prison officials not to resubmit his grievance. (ECF No. 64 at 5–7). However, according to the record, this "direction" to not resubmit grievances appears to have resulted from Plaintiff's untimeliness, not because of some impediment that made the

process unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 88, 94–95 (2006) (rejecting prisoner's argument that administrative remedies were unavailable when the prisoner filed untimely grievance, stating that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance" by "compl[ying] with the system's critical procedural rules"). The Court overrules Plaintiff's objection.

Finally, Plaintiff states that he "apologi[zes] to the Court" for not filing a "statement of genuine dispute" because Plaintiff "thought that he ha[d] been genuinely disputing the Defendant's action throughout this whole process" and "ask[s] this Court not to assume that the material facts are without controversy." (ECF No. 64 at 7–8). However, Plaintiff raises no specific objection to the R. & R.'s findings on this basis. Because of Plaintiff's failure to submit a Statement of Genuine Disputes, the Magistrate Judge "assume[d] that the material facts as claimed and adequately supported by [Defendants were] admitted to exist without controversy[.]" (R. & R. at 23). Notwithstanding, the Magistrate Judge liberally construed Plaintiff's opposition to the motion for summary judgment to determine whether it raised a genuine issue of material fact, and reasonably found it did not. (*Id*. at 23–28). The Court agrees with that assessment.

//
//
//
//
//
//
//
//
//
//

Accordingly, each of Plaintiff's objections are overruled. For the foregoing reasons:

(1) The Report and Recommendation is accepted and adopted;

(2) Defendants' motion for summary judgment, (ECF No. 48), is granted on the grounds explained in the Report; and

(3) The First Amended Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

DATED: March 20, 2024

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE